EDWARD WARD OWEN v. STATE OF ARKANSAS

5545                                    462 S. W. 2d 469

Opinion delivered February 1, 1971

*Sharpe & Wilkinson,* for appellant.

*Joe Purcell,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is the second petition for postconviction relief that has been filed by the appellant, Edward Ward Owen, under our Criminal

Procedure Rule No. 1. Ark. Stat. Ann., Vol. 3A, 1969 Supp., p. 91. The trial court denied the petition, on the ground that the court's adverse decision upon the first petition was res judicata of the issues tendered by the second petition. We affirm.

On May 7, 1963, Owen pleaded guilty in the St. Francis circuit court to charges of burglary and grand larceny. He received cumulative sentences of two years and one year, making three years in all. While serving those sentences Owen escaped from the Arkansas penitentiary and was apparently confined thereafter in Tennessee and in Florida. The State of Arkansas issued a detainer against Owen, presumably requesting that he be returned to this state at the termination of his confinement elsewhere.

In 1967 Owen filed in the circuit court what was entitled a Petition for Writ of Error Coram Nobis. Owen was then in prison in Florida. His petition asserted three grounds for relief: (1) The conviction for both burglary and grand larceny violates the constitutional prohibition against double jeopardy; (2) petitioner, when he pleaded guilty to the two charges, was not offered the services of counsel and did not intelligently and understandingly waive that right; and (3) the petitioner had actually been in jail in Crittenden county, Arkansas, on December 26, 1962—the date on which the burglary and theft assertedly occurred. In the petition Owen waived his right to be present at the hearing thereon.

That petition was presented to the court on October 12, 1967. The court properly treated the petition as one for postconviction relief under Rule 1, which had been promulgated two years earlier. The court, hearing the petition upon the record already made, found the petition to be without merit. Upon the second and third issues, now being reasserted, the court found (a) that Owen was offered the services of counsel when he pleaded guilty, "and the records indicate that the defendant declined counsel," and (b) that the date of the

offense, as specified in the information, is ordinarily immaterial (with exceptions not pertinent to this case). There was no appeal from the denial of the petition.

In 1970 Owen, acting through court-appointed counsel, filed this second petition under Rule 1. The petition again asserts that Owen was denied his right to counsel in the first instance and was in jail on the date of the offense, as charged in the information. The petition asks that an evidentiary hearing be held and that the original judgment of conviction be set aside.

The court denied the petition under the doctrine of res judicata but permitted the petitioner to make a record of his proffered proof. It was shown that Owen had in fact been in jail on December 26, 1962. He testified that when he pleaded guilty he did not know that counsel would have been provided for him if he wanted the services of a lawyer. He also said that his plea of guilty was induced by false assertions made by the prosecuting attorney and by the deputy prosecuting attorney (both of whom Owen knew to be dead when his second petition was heard).

We agree with the trial court's conclusion that the decision upon the first petition was res judicata of the second. Appellant's only answer to that view is that he should not be bound by the adverse decision upon the first petition, because that pleading was prepared only with the assistance of fellow prisoners and without the aid of an attorney.

It does not follow, however, that the rejection of the first petition was an empty gesture, without substantive effect. That petition was a well-prepared pleading, in which four pertinent decisions of the United States Supreme Court were cited. Owen was certainly aware of his right to counsel by them, for he asserted that very right in the petition. The court gave serious consideration to the petition and denied it in a judgment that was entered of record. No appeal was taken, even though that right was recognized and provided for in Rule 1.

Paragraph (H) of Rule 1 is applicable here: "All grounds for relief available to a prisoner under this rule must be raised in his original or amended petition. Any grounds not so raised or any grounds finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or sentence or in any other proceedings that the prisoner may have taken to secure relief from his conviction or sentence, may not be the basis for a subsequent petition." Thus the language of the rule itself answers the appellant's present contentions.

Affirmed.